## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **T.R., a Minor, by and through parents,** | : | |
| **D.R. and S.R., in their own right** | : | |
| | : | **CASE NO.:**  2:21-cv-297 |
| | : | |
| **Plaintiffs,** | : | **Electronically Filed** |
| | : | |
| **v.** | : | |
| | : | **Jury Trial Demanded** |
| **PITTSBURGH SCHOOL DISTRICT** | : | |
| | : | |
| **Defendant.** | : | |

### PLAINTIFFS' COMPLAINT FOR RECOVERY OF ATTORNEYS' FEES AND COSTS

AND NOW, come the Plaintiffs, T.R., a minor, by and through student's parents, D.R. and S.R., and on their own behalf, by and through their undersigned counsel, John Valantassis, Esq. and Ruder Law, LLC, and file the following Complaint for Recovery of Attorney's Fees and Costs, pursuant to 20 U.S.C. § 1415(i)(3)(B), and Recovery of Expert Fees and Costs, pursuant to 42 U.S.C. § 2000e-5(k) and in support thereof state as follows.

**Preliminary Statement**

1.  This action is brought by D.R. and S.R., the parents of T.R., a minor child, who filed a due process complaint with the Office for Dispute Resolution ("ODR") on August 22, 2019, against the Pittsburgh School District ("District"). T.R. is a student who is diagnosed with developmental delays, multiple congenital anomalies, submucossal cleft palate, obstructive sleep apnea and laryngomalacia, GERD, pulmonary HTN, ASD, Cortical Visual Impairment, and strabismus. Through their complaint, Parents alleged that the District violated their rights and the rights of their child, T.R., under

1

the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"). Specifically, Parents alleged that the District's failure to provide T.R. with an appropriate IEP prevented her from making meaningful educational progress and thus denied T.R. access to a free and appropriate public education ("FAPE"). Parents further alleged that the District has discriminated against T.R. with deliberate indifference based on her disability.

2. Prior to the commencement of the evidentiary hearing, both parties presented briefs related to T.R.'s pendent placement during the legal proceedings. The Hearing Officer ruled in favor of Parents' argument that T.R.'s pendent placement was the school-age kindergarten classroom at the private school T.R. had been attending.

3. The hearing spanned four days.   As part of the evidence provided at the hearing, Parents secured the services of an expert witness, who testified during the hearing.

4. Parents prevailed, as the Hearing Officer found that the District had violated T.R.'s right to a FAPE by failing to provide an appropriate IEP. *See* Hearing Officer Decision, attached as Exhibit "A."

5. Plaintiffs now file the following Complaint for (I) Recovery of Attorneys' Fees and Costs, pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(B), and Section 504, 29 U.S.C. § 794a, as well as (II) Recovery of Expert Fees and Costs, pursuant to 42 U.S.C. § 2000e-5(k).

**Parties**

6. Plaintiff T.R. is a student who resides in Pittsburgh, Pennsylvania and was a student in the Pittsburgh School District at all times relevant. T.R. is also a student with a disability due to diagnoses of developmental delays, multiple congenital anomalies,

submucossal cleft palate, obstructive sleep apnea and laryngomalacia, GERD, pulmonary HTN, ASD, Cortical Visual Impairment, and strabismus.

7. Plaintiff S.R. is the mother and legal guardian of T.R. At all times relevant, S.R. resided in Pittsburgh, Pennsylvania.

8. Plaintiff D.R. is the father and legal guardian of T.R. At all times relevant, D.R. resided in Pittsburgh, Pennsylvania.

9. Defendant Pittsburgh School District is a local School District and a public entity organized under the laws of the Commonwealth of Pennsylvania. The District is a Local Education Agency ("LEA") and a recipient of federal funds, and it is therefore legally bound by the provisions of the IDEA and Section 504.

## Jurisdiction and Venue

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that claims are asserted under the laws of the United States. In particular, this action seeks to recover attorneys' fees and costs pursuant to the IDEA, 20 U.S.C. §1415(i)(3)(B), and Section 504, 29 U.S.C. §794a, as well as to recover expert fees and costs, pursuant to 42 U.S.C. § 2000e-5(k).

11. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1)-(2), because the events and omissions giving rise to the claims in this case arose in this judicial district and all the parties reside in this District.

## Factual Allegations

12. Plaintiffs filed a complaint with ODR on August 22, 2019.

13. Prior to the start of hearing sessions, both parties presented briefs related to T.R.'s pendent placement during the legal proceedings. The Hearing Officer ruled in favor

3

of Parents' argument that T.R.'s pendent placement was the school-age kindergarten classroom at the private school T.R. had been attending.

14. Four hearing sessions occurred in this case, with the first taking place on October 7, 2019.

15. Plaintiffs were required to prepare extensive examinations of witnesses as well as an opening argument and closing brief. In addition to being a fact-specific inquiry, Plaintiffs carried the burden of proving multiple legal issues.

16. As part of Plaintiffs' case, they secured the services of an expert witness, who testified during the hearing.

17. Ultimately, on March 31, 2020, Hearing Officer Skidmore found that the District violated the student's right to FAPE by failing to provide an appropriate IEP. Thus, Plaintiffs are considered prevailing parties under the IDEA and Section 504. *See* Hearing Officer Decision, attached as Exhibit "A."

**COUNT I: CLAIM FOR ATTORNEYS' FEES AND COSTS**

18. Plaintiffs hereby incorporate the allegations of the foregoing paragraphs in Count I.

19. The IDEA authorizes the Court to award reasonable attorneys' fees based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished and costs to parents who prevail in an action or proceeding under the IDEA.   20 U.S.C. §1415(i)(3)(B); 34 C.F.R. §300.513; 29 U.S.C.A. § 794a; *See* A.W. v. Jersey City Public Schools, 486 F. 3d 791, 804 (3d Cir. 2007) ("The remedies for violations of Section 504 are coextensive with the remedies available in a private cause of action brought under Title VI of the Civil Rights Act of 1964. These remedies include compensatory damages, injunctive relief, and other

forms of relief traditionally available in suits for breach of contract.") (citations omitted)).

20. When deciding whether a party is considered to have prevailed for purposes of recovering attorneys' fees, the Third Circuit has held that a court must determine "whether: (1) the plaintiff obtained relief on a significant claim in the litigation; and (2) there is a causal connection between the litigation and the relief obtained from the defendant." T.B. v. Mt. Laurel Bd. of Educ., No. CIV. 09-4780 JBS/KMW, 2012 WL 1079088, at *2 (D.N.J. Mar. 30, 2012) (citing Metro. Pittsburgh Crusade for Voters v. City of Pittsburgh, 964 F.2d 244, 250 (3d Cir. 1992)).

21. Stated another way, "a parent qualifies as a prevailing party if he or she 'succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit, 318 F.3d 545, 555 (3d Cir. 2003) (quoting Hensley. v. Eckerhart, 461 U.S. 424, 433 (1983)).

22. As explained *supra*, Plaintiffs are prevailing parties and are thus entitled to recover reasonable attorneys' fees because they successfully litigated their claims, including as it relates to T.R.'s pendency status during the course of the hearing. Had Plaintiffs not brought their complaint, the District would not have been ordered to make changes to T.R.'s IEP to rectify substantive flaws with its proposed IEP.

23. Having established that Plaintiffs are prevailing parties, they seek to recover $25,840.74 in reasonable attorney's fees and costs related to the due process hearing and in preparing this action. Specifically, Attorney Ruder seeks to recover at a rate of

$375.00 per hour and Attorney Valantassis seeks to recover at a rate of $225.00 per hour.

24. As the court explained in T.B.:

> The reasonable hourly rate is determined by reference to the marketplace. *See* Missouri v. Jenkins, 491 U.S. 274, 285, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) ("We have consistently looked to the marketplace as our guide to what is 'reasonable.'") Indeed, "the court should assess the experience and skill of the prevailing party's attorney[ ] and compare [his] rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking to recover attorney's fees has the initial burden of "producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." Lanni v. New Jersey, 259 F.3d 146, 149 (3d Cir. 2001); L.J. ex rel. V.J. v. Audubon Bd. of Educ., 373 F. App'x 294, 296 (3d Cir. 2010). The hourly rate to be determined is a reasonable rate at the time of the fee application, not at the past dates when services may have been rendered.

> 2012 WL 1079088, at *2.

25. Attorney Ruder reasonably seeks reimbursement at an hourly rate of $375.00 and Attorney Valantassis reasonably seeks reimbursement at an hourly rate of $225.00. These rates are reasonable and commensurate with the prevailing rates in the Pittsburgh community by attorneys in similar matters who possess similar skills and competencies. See Declarations of Edward J. Feinstein, Arthur D. Feldman, and Jeni Hergenreder, attached as Exhibits "B," "C," and "D."

26. The $25,840.74 amount claimed represents a total of 112.8 hours of work collectively by Attorneys Ruder and Valantassis reasonably expended in preparing for the hearing, traveling to and attending the hearing, drafting closing arguments, enforcing the hearing officer's order, and preparing this action. See T.B., 2012 WL 1079088, at

6

*5 ("After the hourly rate is determined, the Court must determine whether the number of hours expended was reasonable.") (internal citation omitted). In T.B., the court explained that:

> For this, the Court must examine the record to determine that the hours billed are not "unreasonable for the work performed." Washington, 89 F.3d at 1037. "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." Rode, 892 F.2d at 1183 (citing Hensley, 461 U.S. at 433). Compensable activities include the preparation of filing the lawsuit, background research, productive attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing a favorable judgment, and travel among other things. See City of Riverside v. Rivera, 477 U.S. 561, 573 n. 6, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986); see also Maldonado v. Houston, 256 F.3d 181, 184–85 (3d Cir. 2001); Posa v. City of East Orange, Civ. No. 03–233, 2005 WL 2205786, at *4 (D.N.J. Sept. 8, 2005). In addition, time spent drafting and litigating a fee application is compensable. See Planned Parenthood v. Attorney General of the State of N.J., 297 F.3d 253, 268 (3d Cir. 2002).

> Id.

27. Specifically, Attorney Ruder reasonably billed 1.7 hours at a rate of $375.00, as explained in the Certified Statement of Jeffrey J. Ruder, attached as Exhibit "E" and as itemized specifically in the billing statements, attached as Exhibit "G."

28. Similarly, Attorney Valantassis reasonably billed 111.1 hours at a rate of $225.00, as explained in the Certified Statement of John Valantassis (Exhibit "F") and as itemized specifically in the billings statements. (Exhibit "G").

29. Attorney Valantassis served as primary counsel in this case. He represented the clients at all hearing sessions, prepared all exhibits, witness examinations, and opening and closing arguments. He was also responsible for examining each witness at each hearing session.

30. Attorney Ruder was responsible for overseeing Attorney Valantassis at each stage. He also was involved in the initial retention of the clients, as well as the intake appointments. As described in their respective certified statements, these roles as well as the reimbursable rates claimed are appropriate based on the respective experience of each attorney. (Exhibits "E" and "F"). *See* Damian J. v. Sch. Dist. of Philadelphia, No. CIV.A. 06-3866, 2008 WL 1815302, at *4 (E.D. Pa. Apr. 22, 2008), aff'd, 358 F. App'x 333 (3d Cir. 2009) ("A reduction for duplication 'is warranted only if the attorneys are unreasonably doing the same work.'" Rode, 892 F.2d at 1187 (emphasis in original) (*quoting* Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988)).).

31. Specifically, as set forth in Attorney Ruder's Certified Statement, he has been a practicing attorney in the State of Pennsylvania since 1996 and has personally represented hundreds of families in special education claims both in due process and in federal court. (Exhibit "E"). By contrast, as set forth in Attorney Valantassis' Certified Statement, he has been a practicing attorney for over eight years and has worked almost exclusively on special education matters both at due process as well as in federal court for the entirety of that period. (Exhibit "F"). The differences in experience, combined with the complexity of the matter, support full reimbursement for the work of both Attorneys Ruder and Valantassis.

**WHEREFORE**, Plaintiffs pray that this Court Order Pittsburgh School District to pay the Plaintiffs' attorneys the reasonable attorneys' fees and the costs, incurred in and/or related to the administrative proceedings and the court proceedings, in accordance with this Complaint and the Affidavits that have been submitted by Plaintiffs, and grant such other relief as this Court deems proper.

## COUNT II: CLAIM FOR EXPERT WITNESS FEES

32. Plaintiffs hereby incorporate the allegations of the foregoing paragraphs in Count II.

33. Plaintiffs utilized Mary Anne Roberto as an expert witness in the due process hearing.

34. Ms. Roberto performed work in relation to the Due Process action amounting to a total of $1,200. Exhibit "H."

35. Under Section 504, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs."  42 U.S.C. §2000e-5(k).

36. In accordance with the Hearing Officer's March 31, 2020 decision, Plaintiffs are prevailing parties under the IDEA and Section 504.

37. In addition, the Hearing Officer, per her decision, found Ms. Roberto's testimony credible. She further ordered that Ms. Roberto was permitted to participate in any IEP meeting(s) necessary to revise T.R.'s IEP and that the District must pay for up to two hours of her participation at her normal rate.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court award them full reimbursement of all expert witness fees and costs as permitted by law through the administrative proceedings.


Respectfully Submitted,


/s/ Jeffrey J. Ruder                                      /s/ John Valantassis
Jeffrey J. Ruder                                          John Valantassis
Attorney I.D. No. 79270                         Attorney I.D. No. 313695
One Oxford Center                                   Email: johnvalantassis@ruderlaw.com

301 Grant Street, Suite 270
Pittsburgh, Pennsylvania 15219
Telephone: (412) 281-4959
Fax: (412) 291-1389
Email: jeffruder@ruderlaw.com


Date:   March 3, 2021